1  Robert Grasso, Jr. – Bar No. 015087
   Kim S. Alvarado – Bar No. 018216
2  **GRASSO LAW FIRM, P.C.**
   Jackson Plaza
3  4600 South Mill Avenue, Suite 125
   Tempe, Arizona  85282
4  Telephone (480) 730-5553
   Facsimile (480) 730-2810
5  *rgrasso@grassolawfirm.com*
   *kalvarado@grassolawfirm.com*
6      Attorneys for Defendants

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **IN AND FOR THE DISTRICT OF ARIZONA**

10 PASTOR CLYDE REED and GOOD NEWS      )
   PRESBYTERIAN CHURCH,                 )        Case No. CV 07-0522 PHX-MHB
11                                       )
                        Plaintiffs,      )
12                                       )
                   vs.                   )
13                                       )            **A N S W E R**
   TOWN OF GILBERT, ARIZONA and ADAM    )
14 ADAMS in his official capacity as Code )
   Compliance Manager,                   )
15                                       )
                        Defendants.      )
16 _____      )

17        Defendants Town of Gilbert, Arizona and Adam Adams, in his official capacity as the

18 Town's Code Compliance Administrator (collectively Defendants), by and through

19 undersigned counsel, hereby answer Plaintiffs' Verified Complaint as follows:

20                        **I.  INTRODUCTION**

21        1.     Paragraph 1 of Plaintiffs' Verified Complaint, entitled "Introduction," contains

22 argumentative and conclusory allegations that are not capable of being admitted or denied.

23 To the extent that any of the allegations set forth in paragraph 1 of Plaintiffs' Verified

24 Complaint are intended to allege any form of liability or wrongdoing on the part of

25 Defendants, those allegations are specifically denied.

26                        **II.  JURISDICTION**

27        2.     Defendants admit that this Court has subject matter jurisdiction over this

28 matter.  To the extent that any of the allegations set forth in paragraph 2 of Plaintiffs'

Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

3.     Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 3 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

4.     Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 4 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

5.     Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 5 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

6.     Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 6 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

7.     Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 7 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

### III.  VENUE

8.     Defendants admit that venue is proper in this judicial district.  To the extent that any of the allegations set forth in paragraph 8 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

**IV.  IDENTIFICATION OF PLAINTIFFS**

9.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 9 of Plaintiffs' Verified Complaint, and therefore deny the same.

10.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 10 of Plaintiffs' Verified Complaint, and therefore deny the same.

11.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 11 of Plaintiffs' Verified Complaint, and therefore deny the same.

**V.  IDENTIFICATION OF DEFENDANTS**

12.     Defendants admit the allegations set forth in paragraph 12 of Plaintiffs' Verified Complaint.

13.     Defendants admit that the Town has adopted a Land Development Code and deny the remaining allegations set forth in paragraph 13 of Plaintiffs' Verified Complaint.

14.     Defendants admit that the Town's Code Compliance Department removed two signs attributed to the Good News Presbyterian Church in September 2005.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 14 of Plaintiffs' Verified Complaint, and therefore deny the same.

15.     Defendants admit that Adams is the Code Compliance Administrator of the Town's Code Compliance Department.  To the extent that any of the allegations set forth in paragraph 15 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

16.     Defendants deny the allegations set forth in paragraph 16 of Plaintiffs' Verified Complaint.

17.     Defendants admit that the Town is vicariously liable for Adams' actions or omissions as Code Compliance Administrator.  To the extent that any of the allegations set

forth in paragraph 17 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

## VI.   STATEMENT OF FACTS

18.     Defendants deny the allegations set forth in paragraph 18 of Plaintiffs' Verified Complaint.

19.     Defendants affirmatively allege that Chapter I, Article 4.402(J) of the Town's Land Development Code is an ordinance that speaks for itself.   Defendants further affirmatively allege that the Land Development Code contains a "Glossary of General Terms" that provides a definition of an "ideological sign."

20.     Defendants affirmatively allege that Chapter I, Article 4.402(I) of the Town's Land Development Code is an ordinance that speaks for itself.   Defendants further affirmatively allege that the Land Development Code contains a "Glossary of General Terms" that provides a definition of a "political sign."

21.     Defendants affirmatively allege that Chapter I, Article 4.402(P) of the Town's Land Development Code is an ordinance that speaks for itself.

22.     Defendants affirmatively allege that Chapter I, Article 4.402(V) of the Town's Land Development Code is an ordinance that speaks for itself.

23.     Defendants affirmatively allege that Chapter I, Article 4.405(B)(2) of the Town's Land Development Code is an ordinance that speaks for itself.

24.     Defendants affirmatively allege that Chapter I, Article 4.406(C)(3) of the Town's Land Development Code is an ordinance that speaks for itself.

25.     Paragraph 25 of Plaintiffs' Verified Complaint contains argumentative and conclusory allegations that are not capable of being admitted or denied.   To the extent that any of the allegations set forth in paragraph 25 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

26.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 26 of Plaintiffs' Verified Complaint, and therefore deny the same.

27.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 27 of Plaintiffs' Verified Complaint, and therefore deny the same.

28.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 28 of Plaintiffs' Verified Complaint, and therefore deny the same.

29.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 29 of Plaintiffs' Verified Complaint, and therefore deny the same.

30.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 30 of Plaintiffs' Verified Complaint, and therefore deny the same.

31.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 31 of Plaintiffs' Verified Complaint, and therefore deny the same.

32.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 32 of Plaintiffs' Verified Complaint, and therefore deny the same.

33.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 33 of Plaintiffs' Verified Complaint, and therefore deny the same.

34.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 34 of Plaintiffs' Verified Complaint, and therefore deny the same.

35.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 35 of Plaintiffs' Verified Complaint, and therefore deny the same.

36.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 36 of Plaintiffs' Verified Complaint, and therefore deny the same.

37.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 37 of Plaintiffs' Verified Complaint, and therefore deny the same.

38.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 38 of Plaintiffs' Verified Complaint, and therefore deny the same.

39.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 39 of Plaintiffs' Verified Complaint, and therefore deny the same.

40.     Defendants deny the allegations set forth in paragraph 40 of Plaintiffs' Verified Complaint.  Defendants affirmatively allege that in September 2005 the Town removed two signs bearing the name of Good News Presbyterian Church from the public right-of-way and called Pastor Clyde Reed to inform him of the removal.  The Town issued a notice to Pastor Reed.

41.     Defendants affirmatively allege that Chapter I, Article 4.4012 of the Town's Land Development Code is an ordinance that speaks for itself.

42.     Defendants deny that the Town issued a citation to Plaintiffs.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 42 of Plaintiffs' Verified Complaint, and therefore deny the same.

43.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 43 of Plaintiffs' Verified Complaint, and therefore deny the same.

44.     Defendants deny the allegations set forth in paragraph 44 of Plaintiffs' Verified Complaint. Defendants affirmatively allege that Pastor Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violated the Code could receive a citation if the Town discovered the violation.

45.     Defendants deny the allegations set forth in paragraph 45 of Plaintiffs' Verified Complaint. Defendants affirmatively allege that Pastor Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violated the Code could receive a citation if the Town discovered the violation.

46.     Defendants deny the allegations set forth in paragraph 46 of Plaintiffs' Verified Complaint. Defendants affirmatively allege that Pastor Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violated the Code could receive a citation if the Town discovered the violation.

47.     Defendants deny the allegations set forth in paragraph 47 of Plaintiffs' Verified Complaint. Defendants affirmatively allege that Pastor Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violate the Code could receive a citation if the Town discovered the violation.

48.     Defendants deny that the Town issued a citation to Plaintiffs. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 48 of Plaintiffs' Verified Complaint, and therefore deny the same.

49.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 49 of Plaintiffs' Verified Complaint, and therefore deny the same.

## VII.  ALLEGATIONS OF LAW

50.     Defendants admit the Town employees who enforce the Land Development Code act under color of state law.   To the extent that any of the allegations set forth in paragraph 50 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

51.     Defendants deny the allegations set forth in paragraph 51 of Plaintiffs' Verified Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of Plaintiffs' Verified Complaint.

## FIRST CAUSE OF ACTION

### (Violation of the Free Speech Clause of the First Amendment)

53.     Because paragraph 53 of Plaintiffs' Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 52 of Plaintiffs' Verified Complaint.

54.     Defendants admit the allegations set forth in paragraph 54 of Plaintiffs' Verified Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of Plaintiffs' Verified Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of Plaintiffs' Verified Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of Plaintiffs' Verified Complaint.

58.     Defendants deny the allegations set forth in paragraph 58 of Plaintiffs' Verified Complaint.

59.     Defendants deny the allegations set forth in paragraph 59 of Plaintiffs' Verified Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of Plaintiffs' Verified Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of Plaintiffs' Verified Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of Plaintiffs' Verified Complaint.

63.     Defendants deny the allegations set forth in paragraph 63 of Plaintiffs' Verified Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of Plaintiffs' Verified Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of Plaintiffs' Verified Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of Plaintiffs' Verified Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of Plaintiffs' Verified Complaint.

## SECOND CAUSE OF ACTION

**(Violation of the Equal Protection Clause of the Fourteenth Amendment)**

68.     Because paragraph 68 of Plaintiffs' Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 67 of Plaintiffs' Verified Complaint.

69.    Defendants deny the allegations set forth in paragraph 69 of Plaintiffs' Verified Complaint.

70.    Defendants deny the allegations set forth in paragraph 70 of Plaintiffs' Verified Complaint.

71.    Defendants deny the allegations set forth in paragraph 71 of Plaintiffs' Verified Complaint.

72.    Defendants deny the allegations set forth in paragraph 72 of Plaintiffs' Verified Complaint.

73.    Defendants deny the allegations set forth in paragraph 73 of Plaintiffs' Verified Complaint.

74.    Defendants deny the allegations set forth in paragraph 74 of Plaintiffs' Verified Complaint.

75.    Defendants deny the allegations set forth in paragraph 75 of Plaintiffs' Verified Complaint.

### THIRD CAUSE OF ACTION

**(Violation of the Free Exercise Clause of the First Amendment)**

76.    Because paragraph 76 of Plaintiffs' Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 75 of Plaintiffs' Verified Complaint.

77.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 77 of Plaintiffs' Verified Complaint, and therefore deny the same.

78.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 78 of Plaintiffs' Verified Complaint, and therefore deny the same.

79.    Defendants deny the allegations set forth in paragraph 79 of Plaintiffs' Verified Complaint.

80.    Defendants deny the allegations set forth in paragraph 80 of Plaintiffs' Verified Complaint.

81.    Defendants deny the allegations set forth in paragraph 81 of Plaintiffs' Verified Complaint.

82.    Defendants deny the allegations set forth in paragraph 82 of Plaintiffs' Verified Complaint.

83.    Defendants deny the allegations set forth in paragraph 83 of Plaintiffs' Verified Complaint.

84.    Defendants deny the allegations set forth in paragraph 84 of Plaintiffs' Verified Complaint.

85.    Defendants deny the allegations set forth in paragraph 85 of Plaintiffs' Verified Complaint.

86.    Defendants deny the allegations set forth in paragraph 86 of Plaintiffs' Verified Complaint.

87.    Defendants deny the allegations set forth in paragraph 87 of Plaintiffs' Verified Complaint.

88.    Defendants deny the allegations set forth in paragraph 88 of Plaintiffs' Verified Complaint.

89.    Defendants deny the allegations set forth in paragraph 89 of Plaintiffs' Verified Complaint.

<u>FOURTH CAUSE OF ACTION</u>

**(Violation of the Arizona Religious Freedom Amendment)**

90.    Because paragraph 90 of Plaintiffs' Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Verified

Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 89 of Plaintiffs' Verified Complaint.

91.     Defendants affirmatively allege that section 41-1493 of the Arizona Revised Statutes is a statute that speaks for itself.  To the extent that any of the allegations set forth in paragraph 91 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

92.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 92 of Plaintiffs' Verified Complaint, and therefore deny the same.

93.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 93 of Plaintiffs' Verified Complaint, and therefore deny the same.

94.     Defendants deny the allegations set forth in paragraph 94 of Plaintiffs' Verified Complaint.

95.     Defendants deny the allegations set forth in paragraph 95 of Plaintiffs' Verified Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of Plaintiffs' Verified Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of Plaintiffs' Verified Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of Plaintiffs' Verified Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of Plaintiffs' Verified Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of Plaintiffs' Verified Complaint.

101.   Defendants deny the allegations set forth in paragraph 101 of Plaintiffs' Verified Complaint.

102.   Defendants deny the allegations set forth in paragraph 102 of Plaintiffs' Verified Complaint.

103.   Defendants deny the allegations set forth in paragraph 103 of Plaintiffs' Verified Complaint.

104.   Defendants deny the allegations set forth in paragraph 104 of Plaintiffs' Verified Complaint.

### FIFTH CAUSE OF ACTION

**(Violation of the Due Process Clause of the Fourteenth Amendment)**

105.   Because paragraph 105 of Plaintiffs' Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 104 of Plaintiffs' Verified Complaint.

106.   Defendants deny the allegations set forth in paragraph 106 of Plaintiffs' Verified Complaint.

107.   Defendants deny the allegations set forth in paragraph 107 of Plaintiffs' Verified Complaint.  Defendants affirmatively allege that the Land Development Code contains a "Glossary of General Terms" that provides a definition of an "ideological sign."

108.   Defendants deny the allegations set forth in paragraph 108 of Plaintiffs' Verified Complaint.

109.   Defendants deny the allegations set forth in paragraph 109 of Plaintiffs' Verified Complaint.

110.   Defendants deny the allegations set forth in paragraph 110 of Plaintiffs' Verified Complaint.

111.   Defendants object to the allegations set forth in paragraph 111 of Plaintiffs' Verified Complaint because they use terms that are vague, undefined, and not capable of

being admitted or denied.  To the extent that any of the allegations set forth in paragraph 111 of Plaintiffs' Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

112.    Defendants deny the allegations set forth in paragraph 112 of Plaintiffs' Verified Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of Plaintiffs' Verified Complaint.

114.    Defendants deny the allegations set forth in paragraph 114 of Plaintiffs' Verified Complaint.  Defendants affirmatively allege that the Land Development Code contains a "Glossary of General Terms" that provides a definition of a "political sign."

115.    Defendants deny the allegations set forth in paragraph 115 of Plaintiffs' Verified Complaint.

116.    Defendants deny the allegations set forth in paragraph 116 of Plaintiffs' Verified Complaint.

117.    Defendants deny the allegations set forth in paragraph 117 of Plaintiffs' Verified Complaint.

118.    Defendants deny the allegations set forth in paragraph 118 of Plaintiffs' Verified Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of Plaintiffs' Verified Complaint.

120.    Defendants deny that Plaintiffs are entitled to any of the remedies requested in their prayer for relief.

Defendants specifically deny each and every allegation of Plaintiffs' Verified Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    For their first and separate affirmative defense, Defendants allege that Plaintiffs lack standing to bring these claims.

2.    For their second and separate affirmative defense, Defendants allege that the Good News Presbyterian Church lacks capacity to sue.

3.    For their third and separate affirmative defense, Defendants allege that they are entitled to all privileges, immunities and defenses extended to public entities and public employees pursuant to state and federal law.

4.    Additional facts may be revealed by future discovery that support additional affirmative defenses available to Defendants. Accordingly, Defendants incorporate, by this reference, all of the affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

Having fully answered Plaintiffs' Verified Complaint, Defendants respectfully request that this action be dismissed with prejudice, that Plaintiffs be ordered to pay the attorneys' fees and costs incurred by Defendants, and for any further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 4th day of April, 2007.

**GRASSO LAW FIRM P.C.**


By    s/Kim S. Alvarado
        Robert Grasso, Jr.
        Kim S. Alvarado
        Jackson Plaza
        4600 South Mill Avenue, Suite 125
        Tempe, Arizona  85282
          Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and by mail on the following who are not registered participants of the CM/ECF System:

Benjamin W. Bull, Esq.
Jeremy D. Tedesco, Esq.
**ALLIANCE DEFENSE FUND**
15333 North Pima Road, Suite 165
Scottsdale, Arizona  85260
*jtedesco@telladf.org*
   Attorneys for Plaintiffs

David A. Cortman, Esq.
**ALLIANCE DEFENSE FUND**
1000 Hurricane Shoals Road, Suite D-600
Lawrenceville, Georgia 30043
*dcortman@telladf.org*
   Attorneys for Plaintiffs


By s/Kim S. Alvarado