1   Robert Grasso, Jr. – Bar No. 015087
    Kim S. Alvarado – Bar No. 018216
2   **GRASSO LAW FIRM, P.C.**
    Jackson Plaza
3   4600 South Mill Avenue, Suite 125
    Tempe, Arizona  85282
4   Telephone (480) 730-5553
    Facsimile (480) 730-2810
5   *rgrasso@grassolawfirm.com*
    *kalvarado@grassolawfirm.com*
6        Attorneys for Defendants

7

8                **IN THE UNITED STATES DISTRICT COURT**

9                **IN AND FOR THE DISTRICT OF ARIZONA**

10  PASTOR CLYDE REED and GOOD NEWS          )
    PRESBYTERIAN CHURCH,                     )          Case No. CV 07-0522 PHX-SRB
11                                           )
                          Plaintiffs,        )
12                                           )
                 vs.                         )
13                                           )          **ANSWER TO**
    TOWN OF GILBERT, ARIZONA and ADAM        )     **PLAINTIFFS' AMENDED**
14  ADAMS in his official capacity as Code   )       **VERIFIED COMPLAINT**
    Compliance Manager,                      )
15                                           )
                          Defendants.        )
16  _____ )

17          Defendants Town of Gilbert, Arizona and Adam Adams, in his official capacity as the

18  Town's Code Compliance Administrator (collectively Defendants), by and through

19  undersigned counsel, hereby answer Plaintiffs' Amended Verified Complaint as follows:

20                        **I.  INTRODUCTION**

21          1.      Paragraph 1 of Plaintiffs' Amended Verified Complaint, as part of a section

22  entitled "Introduction," contains argumentative and conclusory allegations that are not

23  capable of being admitted or denied.  Defendants admit that it stipulated to a preliminary

24  injunction concerning the sign ordinance and passed an amendment to the sign ordinance on

25  January 8, 2008.  To the extent that any of the allegations set forth in paragraph 1 of

26  Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or

27  wrongdoing on the part of Defendants, those allegations are specifically denied.

28

2.      Paragraph 2 of Plaintiffs' Amended Verified Complaint, as part of a section entitled "Introduction," contains argumentative and conclusory allegations that are not capable of being admitted or denied.  To the extent that any of the allegations set forth in paragraph 2 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

3.      Answering the allegations set forth in Paragraph 3 of Plaintiffs' Amended Verified Complaint, Defendants admit that Plaintiffs' counsel offered opinions concerning the constitutionality of the amended ordinance and deny the remaining allegations.

4.      Paragraph 4 of Plaintiffs' Amended Verified Complaint, as part of a section entitled "Introduction," contains argumentative and conclusory allegations that are not capable of being admitted or denied.  To the extent that any of the allegations set forth in paragraph 4 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

## II.  JURISDICTION

5.      Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 5 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

6.      Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 6 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

7.      Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 7 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

///

8.    Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 8 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

9.    Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 9 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

10.    Defendants admit that this Court has subject matter jurisdiction over this matter.  To the extent that any of the allegations set forth in paragraph 10 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

### III.  VENUE

11.    Defendants admit that venue is proper in this judicial district.  To the extent that any of the allegations set forth in paragraph 11 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

### IV.  IDENTIFICATION OF PLAINTIFFS

12.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 12 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

13.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 13 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

14.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 14 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

15.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 15 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

## V. IDENTIFICATION OF DEFENDANTS

16.     Defendants admit the allegations set forth in paragraph 16 of Plaintiffs' Amended Verified Complaint.

17.     Defendants admit that the Town has adopted and amended a Land Development Code and deny the remaining allegations set forth in paragraph 17 of Plaintiffs' Amended Verified Complaint.

18.     Defendants admit that the Town's Code Compliance Department removed two signs attributed to the Good News Presbyterian Church in September 2005. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 18 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

19.     Defendants admit that Adams is the Code Compliance Administrator of the Town's Code Compliance Department. To the extent that any of the allegations set forth in paragraph 19 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

20.     Defendants deny the allegations set forth in paragraph 20 of Plaintiffs' Amended Verified Complaint.

21.     Defendants admit that the Town is vicariously liable for Adams' actions or omissions as Code Compliance Administrator. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect. To the extent that any of the allegations set forth in paragraph 21 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

22.     Because the term "Plaintiffs' religious signs" is not identified or defined, paragraph 22 of Plaintiffs' Amended Verified Complaint is not capable of being admitted or

denied.  To the extent that any of the allegations set forth in paragraph 22 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

23.     Because the term "Plaintiffs' religious signs" is not identified or defined, paragraph 23 of Plaintiffs' Amended Verified Complaint is not capable of being admitted or denied.  To the extent that any of the allegations set forth in paragraph 23 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

## VI.  STATEMENT OF FACTS

24.     Defendants admit the allegations set forth in paragraph 24 of Plaintiffs' Amended Verified Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of Plaintiffs' Amended Verified Complaint concerning the Town's amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent of enforcing the original Land Development Code, and thus Plaintiffs' allegations concerning the "original" code are moot.  To the extent that any of the allegations set forth in paragraph 25 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

26.     Defendants affirmatively allege that Chapter I, Article 4.402(J) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 26 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

27.     Answering the allegations set forth in paragraph 27 of Plaintiffs' Amended Verified Complaint, Defendants admit that the amended Land Development Code did not change the text of Chapter I, Article 4.402(J), but affirmatively allege that the amendments modified the definition of "ideological sign" in the Glossary of General Terms.

28.     Defendants affirmatively allege that Chapter I, Article 4.402(I) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 28 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

29.     Defendants admit the allegations set forth in paragraph 29 of Plaintiffs' Amended Verified Complaint.

30.     Defendants affirmatively allege that the original version of Chapter I, Article 4.402(P) of the Town's Land Development Code was a document that speaks for itself. Defendants affirmatively allege that this provision has been superseded by amendment and that neither the Town nor Adams has any intent of enforcing the original provision.  Thus, Plaintiffs' allegations concerning the "original" code are moot.  To the extent that any of the allegations set forth in paragraph 30 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

31.     Defendants affirmatively allege that the amended version of Chapter I, Article 4.402(P) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 31 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

32.     Defendants affirmatively allege that Chapter I, Article 4.405(B)(2) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 32 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

33.     Defendants admit the allegations set forth in paragraph 33 of Plaintiffs' Amended Verified Complaint.

34.     Defendants affirmatively allege that Chapter I, Article 4.406(C)(3) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 34 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

35.     Defendants admit the allegations set forth in paragraph 35 of Plaintiffs' Amended Verified Complaint.

36.     Defendants affirmatively allege that Chapter I, Article 4.402(V) of the Town's Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 36 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

37.     Defendants admit the allegations set forth in paragraph 37 of Plaintiffs' Amended Verified Complaint related to the Glossary of General Terms.

38.     Defendants affirmatively allege that the Glossary of General Terms of the Town's amended Land Development Code is an ordinance that speaks for itself.  To the extent that any of the allegations set forth in paragraph 38 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

39.     Defendants admit that Exhibit 3 to Plaintiffs' Amended Verified Complaint is a true and correct copy of an earlier version of the Glossary of General Terms of the Town's Land Development Code, but it does not contain the amendments passed on January 8, 2008.

40.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 40 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

///

///

41.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 41 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

42.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 42 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

43.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 43 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

44.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 44 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

45.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 45 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

46.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 46 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

47.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 47 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

48.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 48 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

49.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 49 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

50.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 50 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

51.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 51 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

52.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 52 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

53.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 53 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

54.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 54 of Plaintiffs' Amended Verified Complaint, and therefore deny the same

55.     Defendants deny the allegations set forth in paragraph 55 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that in September 2005 the Town removed two signs bearing the name of Good News Presbyterian Church from the public right-of-way and called Clyde Reed to inform him of the removal.  The Town issued an advisory notice to Reed.

56.     Defendants deny the allegations set forth in paragraph 56 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that in July 2005 the Town's Code Compliance Department sent an e-mail communication to Clyde Reed about A-frame signs.

57.     Answering the allegations set forth in paragraph 57 of Plaintiffs' Amended Verified Complaint, Defendants affirmatively allege that Chapter I, Article 4.4012 of the Town's Land Development Code is an ordinance that speaks for itself.

58.     Defendants deny that the Town issued a citation to Plaintiffs.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 58 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

59.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 59 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

60.     Defendants deny the allegations set forth in paragraph 60 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violated the Code could receive a citation if the Town discovered the violation.

61.     Defendants deny the allegations set forth in paragraph 61 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violated the Code could receive a citation if the Town discovered the violation.

62.     Defendants deny the allegations set forth in paragraph 62 of Plaintiffs' Amended Verified Complaint.  Moreover, Plaintiffs' allegations are moot because neither the Town nor Adams has any intent to enforce an ordinance no longer in effect.

63.     Defendants deny the allegations set forth in paragraph 63 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that Clyde Reed called Adam Adams in March 2007, asked whether the Town would issue a citation to the Church if it violated the Land Development Code, and was informed that persons who violate the Code could receive a citation if the Town discovered the violation.

64.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 64 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

65.     Defendants admit the allegations set forth in paragraph 65 of Plaintiffs' Amended Verified Complaint.

66.     Answering the allegations set forth in paragraph 66 of Plaintiffs' Amended Verified Complaint, Defendants admit that the Town began the legislative process of amending certain provisions of the Land Development Code after stipulating to a preliminary injunction. Defendants affirmatively allege that the Court's stipulated preliminary injunction is part of the court record and speaks for itself.

67.     Answering the allegations set forth in paragraph 67 of Plaintiffs' Amended Verified Complaint, Defendants admit that Plaintiffs' counsel spoke by telephone with attorneys at Curtis Goodwin Sullivan Udall & Schwab, P.L.C., who represent the Town on various matters.

68.     Defendants deny the allegations set forth in paragraph 68 of Plaintiffs' Amended Verified Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of Plaintiffs' Amended Verified Complaint.

70.     Defendants deny the allegations set forth in paragraph 70 of Plaintiffs' Amended Verified Complaint.

71.     Defendants admit the allegations set forth in paragraph 71 of Plaintiffs' Amended Verified Complaint.

72.     Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 72 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

73.     To the extent that the allegations set forth in paragraph 73 of Plaintiffs' Amended Verified Complaint are intended as a quotation from a transcript prepared by a legal assistant for Plaintiffs' counsel (Exhibit 6 to Plaintiffs' Amended Verified Complaint), Defendants deny the allegations.

///

74.     To the extent that the allegations set forth in paragraph 74 of Plaintiffs' Amended Verified Complaint are intended as a quotation from a transcript prepared by a legal assistant for Plaintiffs' counsel (Exhibit 6 to Plaintiffs' Amended Verified Complaint), Defendants deny the allegations.

75.     Defendants deny the allegations set forth in paragraph 75 of Plaintiffs' Amended Verified Complaint.

76.     Defendants admit the allegations set forth in paragraph 76 of Plaintiffs' Amended Verified Complaint.

77.     Defendants deny the allegations set forth in paragraph 77 of Plaintiffs' Amended Verified Complaint concerning Defendants' alleged conduct or statements. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations set forth in paragraph 77 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

78.     Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 78 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

79.     Defendants deny the allegations set forth in paragraph 79 of Plaintiffs' Amended Verified Complaint.

## VII.  ALLEGATIONS OF LAW

80.     Defendants admit the Town employees who enforce the Land Development Code act under color of state law.   To the extent that any of the allegations set forth in paragraph 80 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

81.     Defendants deny the allegations set forth in paragraph 81 of Plaintiffs' Amended Verified Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code.

Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

**FIRST CAUSE OF ACTION**

**(Violation of the Free Speech Clause of the First Amendment)**

83.     Because paragraph 83 of Plaintiffs' Amended Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Amended Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 82 of Plaintiffs' Amended Verified Complaint.

84.     Defendants admit the allegations set forth in paragraph 84 of Plaintiffs' Amended Verified Complaint.

85.     Defendants deny the allegations set forth in paragraph 85 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

86.     Defendants deny the allegations set forth in paragraph 86 of Plaintiffs' Amended Verified Complaint.

87.     Defendants deny the allegations set forth in paragraph 87 of Plaintiffs' Amended Verified Complaint.

88.     Defendants deny the allegations set forth in paragraph 88 of Plaintiffs' Amended Verified Complaint.

89.     Defendants deny the allegations set forth in paragraph 89 of Plaintiffs' Amended Verified Complaint.

90.     Defendants deny the allegations set forth in paragraph 90 of Plaintiffs' Amended Verified Complaint.

///

91.     Defendants deny the allegations set forth in paragraph 91 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

92.     Defendants deny the allegations set forth in paragraph 92 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

93.     Defendants deny the allegations set forth in paragraph 93 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

94.     Defendants deny the allegations set forth in paragraph 94 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

95.     Defendants deny the allegations set forth in paragraph 95 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

96.     Defendants deny the allegations set forth in paragraph 96 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code.

Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

97.     Defendants deny the allegations set forth in paragraph 97 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

**SECOND CAUSE OF ACTION**

**(Violation of the Equal Protection Clause of the Fourteenth Amendment)**

98.     Because paragraph 98 of Plaintiffs' Amended Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Amended Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 97 of Plaintiffs' Amended Verified Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

100.    Defendants deny the allegations set forth in paragraph 100 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

101.    Defendants deny the allegations set forth in paragraph 101 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce

an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

102.   Defendants deny the allegations set forth in paragraph 102 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

103.   Defendants deny the allegations set forth in paragraph 103 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

104.   Defendants deny the allegations set forth in paragraph 104 of Plaintiffs' Amended Verified Complaint.

105.   Defendants deny the allegations set forth in paragraph 105 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

### THIRD CAUSE OF ACTION

### (Violation of the Free Exercise Clause of the First Amendment)

106.   Because paragraph 106 of Plaintiffs' Amended Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Amended Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 105 of Plaintiffs' Amended Verified Complaint.

///

///

107.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 107 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

108.    Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 108 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

109.    Defendants deny the allegations set forth in paragraph 109 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

110.    Defendants deny the allegations set forth in paragraph 110 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

111.    Defendants deny the allegations set forth in paragraph 111 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

112.    Defendants deny the allegations set forth in paragraph 112 of Plaintiffs' Amended Verified Complaint concerning the amended Land Development Code. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

///

113.   Defendants deny the allegations set forth in paragraph 113 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

114.   Defendants deny the allegations set forth in paragraph 114 of Plaintiffs' Amended Verified Complaint.

115.   Defendants deny the allegations set forth in paragraph 115 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

116.   Defendants deny the allegations set forth in paragraph 116 of Plaintiffs' Amended Verified Complaint.

117.   Defendants deny the allegations set forth in paragraph 117 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

118.   Defendants deny the allegations set forth in paragraph 118 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

119.   Defendants deny the allegations set forth in paragraph 119 of Plaintiffs' Amended Verified Complaint. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

120.   Defendants deny the allegations set forth in paragraph 120 of Plaintiffs' Amended Verified Complaint. Defendants affirmatively allege that neither the Town nor

///

Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

121. Defendants deny the allegations set forth in paragraph 121 of Plaintiffs' Amended Verified Complaint. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

<h3 align="center">FOURTH CAUSE OF ACTION</h3>

**(Violation of the Arizona Religious Freedom Restoration Act)**

122. Because paragraph 122 of Plaintiffs' Amended Verified Complaint incorporates by reference the allegations set forth in all preceding paragraphs of Plaintiffs' Amended Verified Complaint, Defendants incorporate, by this reference, their responses to paragraphs 1 through 121 of Plaintiffs' Amended Verified Complaint.

123. Defendants affirmatively allege that section 41-1493 of the Arizona Revised Statutes is a statute that speaks for itself. To the extent that any of the allegations set forth in paragraph 123 of Plaintiffs' Amended Verified Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, those allegations are specifically denied.

124. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 124 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

125. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in paragraph 125 of Plaintiffs' Amended Verified Complaint, and therefore deny the same.

126. Defendants deny the allegations set forth in paragraph 126 of Plaintiffs' Amended Verified Complaint. Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

///

127.   Defendants deny the allegations set forth in paragraph 127 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

128.   Defendants deny the allegations set forth in paragraph 128 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

129.   Defendants deny the allegations set forth in paragraph 129 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

130.   Defendants deny the allegations set forth in paragraph 130 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

131.   Defendants deny the allegations set forth in paragraph 131 of Plaintiffs' Amended Verified Complaint.

132.   Defendants deny the allegations set forth in paragraph 132 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

133.   Defendants deny the allegations set forth in paragraph 133 of Plaintiffs' Amended Verified Complaint.

134.   Defendants deny the allegations set forth in paragraph 134 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

135.   Defendants deny the allegations set forth in paragraph 135 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

136.   Defendants deny the allegations set forth in paragraph 136 of Plaintiffs' Amended Verified Complaint.

137.   Defendants deny the allegations set forth in paragraph 137 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

138.   Defendants deny the allegations set forth in paragraph 138 of Plaintiffs' Amended Verified Complaint.  Defendants affirmatively allege that neither the Town nor Adams has any intent to enforce an ordinance no longer in effect, and therefore Plaintiffs' allegations concerning the original Land Development Code are moot.

139.   Defendants deny that Plaintiffs are entitled to any of the remedies requested in their prayer for relief.

Defendants specifically deny each and every allegation of Plaintiffs' Amended Verified Complaint not expressly admitted herein.

### AFFIRMATIVE DEFENSES

1.   For their first and separate affirmative defense, Defendants allege that Plaintiffs lack standing to bring these claims.

2.   For their second and separate affirmative defense, Defendants allege that the Good News Community Church lacks capacity to sue.

3.   For their third and separate affirmative defense, Defendants allege that they are entitled to all privileges, immunities, and defenses extended to public entities and public employees pursuant to state and federal law.

4.   For their fourth and separate affirmative defense, Defendants allege that Plaintiffs' claims based on the original Land Development Code are moot.

5. For their fifth and separate affirmative defense, Defendants allege that Plaintiffs' Amended Verified Complaint fails to state a claim on which relief can be granted.

6. Additional facts may be revealed by future discovery that support additional affirmative defenses available to Defendants. Accordingly, Defendants incorporate, by this reference, all of the affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

Having fully answered Plaintiffs' Amended Verified Complaint, Defendants respectfully request that this action be dismissed with prejudice, that Plaintiffs be ordered to pay the attorneys' fees and costs incurred by Defendants, and for any further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of February, 2008.

**GRASSO LAW FIRM P.C.**


By      s/Kim S. Alvarado
Robert Grasso, Jr.
Kim S. Alvarado
Jackson Plaza
4600 South Mill Avenue, Suite 125
Tempe, Arizona  85282
       Attorneys for Defendants

- 22 -

1
CERTIFICATE OF SERVICE

2   I hereby certify that on this 27th day of February, 2008, I electronically transmitted the

3   attached document to the Clerk's Office using the CM/ECF System for filing, and by mail

4   on the following who are not registered participants of the CM/ECF System:

5   Jeremy D. Tedesco, Esq.
**ALLIANCE DEFENSE FUND**
6   15333 North Pima Road, Suite 165
Scottsdale, Arizona  85260
7   *jtedesco@telladf.org*
   Attorneys for Plaintiffs
8

9   David A. Cortman, Esq.
**ALLIANCE DEFENSE FUND**
10  1000 Hurricane Shoals Road, Suite D-600
Lawrenceville, Georgia 30043
11  *dcortman@telladf.org*
   Attorneys for Plaintiffs
12

13  By  s/Kim S. Alvarado

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28