Robert Grasso, Jr. – Bar No. 015087
Kim S. Alvarado – Bar No. 018216
**GRASSO LAW FIRM, P.C.**
Jackson Plaza
4600 South Mill Avenue, Suite 125
Tempe, Arizona 85282
Telephone (480) 730-5553
Facsimile (480) 730-2810
*rgrasso@grassolawfirm.com*
*kalvarado@grassolawfirm.com*
   Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PASTOR CLYDE REED; AND GOOD NEWS PRESBYTERIAN CHURCH,<br><br>                    Plaintiffs,<br><br>   vs.<br><br>TOWN OF GILBERT, Arizona; and ADAM ADAMS in his official capacity as Code Compliance Manager,<br><br>                    Defendants. | CV 07-0522 PHX-SRB<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants Town of Gilbert, Arizona (the "Town") and Adam Adams, in his official capacity as the Town's Code Compliance Administrator (collectively, "Defendants"), by and through undersigned counsel and pursuant to Rule 56, Federal Rules of Civil Procedure, hereby move for summary judgment on all counts in Plaintiffs' Amended Verified Complaint. This Motion is supported by the accompanying Statement of Facts (SOF), supporting exhibits, and the entire record before the Court.

Plaintiffs' Amended Verified Complaint for Declaratory and Injunctive Relief asserted four causes of action: (1) violation of Free Speech Clause of First Amendment (¶¶ 83-97); (2) violation of Equal Protection Clause of Fourteenth Amendment (¶¶ 98-105); (3) violation of Free Exercise Clause of First Amendment (¶¶ 106-121); and (4) violation of Arizona's Religious Freedom Restoration Act (AzRFRA) (¶¶ 122-138). (Dkt. No. 24.) In each count, Plaintiffs challenge the constitutionality of the Town's original and amended

ordinances from the Gilbert Land Development Code, Chapter I, Section 4, § 4.402(P), relating to temporary directional signage. Specifically, Plaintiffs contend that the Town's original and amended sign ordinances are unconstitutional on their face and as applied.

This Court disagrees. In its Order dated September 30, 2007, the Court concluded that the Town's amended sign ordinance did not violate the Free Speech Clause of the First Amendment or the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 43.)[1] For the same reasons that this Court declined to enter an injunction against enforcement of the amended sign ordinance, Defendants are entitled to judgment on Counts 1 and 2 of Plaintiffs' Amended Verified Complaint. Moreover, the Town's amended sign ordinance does not violate Plaintiffs' free exercise rights and, therefore, Defendants are entitled to judgment on Counts 3 and 4 of Plaintiffs' Amended Verified Complaint. Finally, Plaintiffs' claims relating to the Town's original sign ordinance are moot. Therefore, the Court should enter summary judgment in favor of Defendants on all counts in Plaintiffs' Amended Verified Complaint.

### I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE NO TRIAL IS NECESSARY ON ANY OF PLAINTIFFS' CLAIMS

Summary judgment pursuant to Rule 56 is properly granted when: (1) no genuine issues of material fact remain; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Failure of proof as to any essential element of a plaintiff's claims means that no genuine issue of material fact can exist, and summary judgment is required. *Id.* at 322-23.

The Court is familiar with the factual background of this case, including the sign ordinance at issue. Defendants incorporate by reference the "background" discussion and

---

[1] The Court's Order focused only on the amended sign ordinance, which was the subject of Plaintiffs' Second Motion for Preliminary Injunction.

record citations set forth in the Court's Order denying Plaintiffs' Second Motion for Preliminary Injunction. (Dkt. No. 43, at pp. 1-7; No. 24-2, Exhibits 1-3.)[2]

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNTS ONE AND TWO OF PLAINTIFFS' AMENDED VERIFIED COMPLAINT

The Court should grant summary judgment on Plaintiffs' Free Speech and Equal Protection claims relating to the Town's amended sign ordinance. Plaintiffs previously challenged the constitutionality of the amended sign ordinance, both on its face and as applied to Plaintiffs' particular activities. (Dkt. No. 26.) The Court concluded that the Town's amended sign ordinance was constitutional and did not violate Plaintiffs' Free Speech or Equal Protection rights. (Dkt. No. 43.) Because "no injunctive relief is warranted, the question of discovery regarding a permanent injunction is moot." (*Id.* at p. 17, n.5.)

Specifically, on Plaintiffs' Free Speech claim, the Court correctly concluded that the Town's amended sign ordinance is a content-neutral regulation of speech. *See ACLU of Nevada v. City of Las Vegas*, 466 F.3d 784 793 (9th Cir. 2006); *G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1078-79 (9th Cir. 2006); *see also Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 439 (9th Cir. 2008) (declining "to take the term 'content-based' to its literal extreme"). To assess the constitutionality of a content-neutral sign ordinance, the Court must determine whether the ordinance is narrowly tailored to achieve a significant government interest and leaves open ample alternative channels for communication. *G.K. Ltd. Travel*, 436 F.3d at 1079.

Here, the Court correctly found that the Town's interests in regulating temporary, directional signage were significant. The Town stated its governmental interests in the text of the amended sign ordinance:

- Establishing comprehensive sign regulations that are necessary and in the public interest;

---

[2] For the Court's convenience, a complete copy of the current versions of Article 4.4 and the Glossary of General Terms, Land Development Code, which include the amendments of January 8, 2008, are attached to Defendants' Statement of Facts. (SOF ¶¶ 1 and 2.) These documents also may be accessed through the Town's website at: http://www.ci.gilbert.az.us/planning.

- Promoting effective means of communications;

- Promoting public order by allowing charitable, religious, educational, community service, and other organizations to provide announcement of and directions to events;

- Promoting vehicular and pedestrian safety;

- Promoting the general welfare; and

- Enhancing the Town's community aesthetics.

(Dkt. No. 24-2, Exhibit 2.)[3] There is no dispute that these interests are significant. *See Members of the City Council L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 805 (1984).

The Court properly concluded that the regulations of the time, place, and manner of temporary, directional signs were narrowly tailored to promote the Town's significant interests. (Dkt. No. 43, at p. 12.) Defendants incorporate by reference those findings of facts and conclusions of law.

There is no dispute that the Town's sign ordinance leaves open ample alternative channels for Plaintiffs to communicate their message. *See Jacobs*, 526 F.3d at 437 (affirming district court's findings that a school uniform policy limited only one form of student expression but that students had numerous other modes of expression available, such as conversing, publishing articles in school newspaper, joining clubs, and wearing individualized clothing after school). Plaintiffs have virtually unlimited ways to invite the community to attend their church services (Dkt. No. 24, at ¶ 46), as the Court already described in its Order. (Dkt. No. 43, at p. 13.)[4] Moreover, Plaintiffs still can inform people of the date and location of their services via temporary, directional signs – just subject to the reasonable time, place, and manner regulations of the amended ordinance. There is no

---

[3] The Town's significant interests and purposes in regulating all signs within the Town are set forth in § 4.401 of the Land Development Code. (*See* SOF, Exhibit A, Exhibit 1.)

[4] In fact, Plaintiffs' only complaint is that placing unlimited, temporary signs directing passersby to their church services is a "primary way," but not the exclusive way, that someone may learn about the time and location of their services. (Dkt. No. 24, at ¶ 48.)

- 4 -

1  evidence that the Town has interfered with or removed from Plaintiffs a "uniquely valuable
2  or important mode of communication." *G.K. Ltd. Travel*, 436 F.3d at 1080 (quoting *Vincent*,
3  466 U.S. at 812).

4  In addition, Plaintiffs' Equal Protection claim fails as a matter of law. "[T]he crucial
5  question is whether there is an appropriate governmental interest suitably furthered by the
6  differential treatment." *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). For all
7  the reasons set forth above and in the Court's Order (Dkt. No. 43, at pp. 13-16), which the
8  Town incorporates by reference herein, the Town's amended sign ordinance is narrowly
9  tailored to the particular <u>function</u> of temporary, directional signs (*i.e.*, giving directions to
10 passersby for upcoming or ongoing events). As such, Plaintiffs' Equal Protection claim fails.

11 Accordingly, the Court should enter summary judgment on Plaintiffs' claims for
12 declaratory and permanent injunctive relief on Counts One and Two. Because the Town's
13 amended sign ordinance is constitutional, on its face and as applied to Plaintiffs' particular
14 activities, there is no basis on which this Court could grant any relief in favor of Plaintiffs
15 on their Free Speech and Equal Protection claims. Defendants therefore request summary
16 judgment in their favor on Counts One and Two of Plaintiffs' Amended Verified Complaint.

17 **III.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNTS THREE AND
18 FOUR OF PLAINTIFFS' AMENDED VERIFIED COMPLAINT**

19 Even construing all facts in favor of Plaintiffs, Defendants are entitled to judgment
20 as a matter of law on Plaintiffs' claims pursuant to the Free Exercise Clause of the First
21 Amendment and the Arizona Religious Freedom Restoration Act (AzRFRA), Arizona
22 Revised Statutes (A.R.S.) section 41-1493.01.

23 The Free Exercise Clause prevents government from regulating religious beliefs. *See*
24 *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940). Government is not, for example,
25 permitted to require affirmation of a particular religious belief, penalize any particular belief,
26 or impose particular restrictions on individuals or groups because they hold a particular
27 religious belief. *See, e.g., Sherbert v. Verner*, 374 U.S. 398, 402-03 (1963) (collecting
28 cases); *Employment Div., Dep't of Human Resources of Oregon v. Smith*, 494 U.S. 872, 877

(1990).[5] A law that is neutral and of general applicability, however, need not be justified by a compelling state interest, even if the law burdens a religious practice. *See Smith*, 494 U.S. at 879-80. Instead, rational basis scrutiny applies. *San Jose Christian Coll.*, 360 F.3d at 1031. A law is neutral and of general application if it does not aim to infringe upon or restrict practices because of their religious motivation and does not selectively impose burdens only on conduct motivated by religious belief. *Id.* (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993)). A valid and neutral law of general applicability does not implicate the Free Exercise Clause at all. *Jacobs*, 526 F.3d at 439.

Here, the Town's amended sign ordinance is neutral and generally applicable. The Town's temporary directional sign ordinance allows non-profit organizations to display, without a permit, temporary signs to provide passersby with directions to a qualifying event – a benefit not afforded to commercial businesses. (*See* SOF, Exhibit A, Exhibit 1.) The ordinance applies to any type of non-profit organization (be it religious, charitable, community service, or educational) and to any type of event, assembly, gathering, activity, or meeting that is sponsored, arranged, or promoted by such an organization. In other words, the same regulation applies to Plaintiffs' church services, a YMCA soccer tournament, a Girl Scouts car wash, a March of Dimes 10K run, or a school's carnival. Thus, because the amended ordinance applies uniformly throughout the entire Town, does not apply varying treatment on the basis of religion, and the Town may further its interests in community aesthetics and traffic safety by regulating (not prohibiting) the posting of temporary, directional signs, any alleged burden upon Plaintiffs' free exercise of religion does not

---

[5] In response to *Smith*, Congress enacted the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. The Supreme Court subsequently invalidated the Act as applied to States and their subdivisions. *See City of Boerne v. Flores*, 521 U.S. 507 (1997); *see also San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir. 2004) (discussing *Smith*, the Act, *City of Boerne*, and other Supreme Court precedent). In the present case, Plaintiffs have asserted claims under the First Amendment, to which the *Smith* analysis applies, and AzRFRA.

- 6 -

1  violate the First Amendment.  *See Jacobs*, 526 F.3d at 439; *San Jose Christian Coll.*, 360
2  F.3d at 1032.

3         The Court should reject any argument that strict scrutiny applies to Plaintiffs' Free
4  Exercise claim.  Strict scrutiny analysis may apply in a "hybrid situation" – that is, when the
5  law involves the Free Exercise Clause in conjunction with other constitutional protections.
6  *Miller v. Reed*, 176 F.3d 1202, 1207 (9th Cir. 1999) (interpreting *Smith*, 494 U.S. at 881-82).
7  However, to assert a hybrid-rights claim, a "free exercise plaintiff must make out a colorable
8  claim that a companion right has been violated."  *American Family Ass'n, Inc. v. City and
9  County of San Francisco*, 277 F.3d 1114, 1124 (9th Cir. 2002) (quoting *Miller*, 176 F.3d at
10 1207).  A plaintiff must do more than combine a Free Exercise claim with a meritless claim
11 of a violation of another alleged fundamental right.  *Miller*, 176 F.3d at 1208.  Because the
12 Court already has rejected the merits of Plaintiffs' Free Speech and Equal Protection claims,
13 no hybrid situation is present.  *See Jacobs*, 526 F.3d at 440 n.45 ("The hybrid rights' doctrine
14 has been widely criticized . . . and, notably, no court has ever allowed a plaintiff to bootstrap
15 a free exercise claim in this manner.  We decline to be the first.") (internal citations and
16 quotations omitted).   The Court should enter summary judgment in favor of the Town on
17 Plaintiffs' Free Exercise claim.

18        Plaintiffs' AzRFRA claim fails because the Town's amended ordinance does not
19 substantially burden their exercise of religion.  Under Arizona's free exercise statute,
20 government may not "substantially burden" the exercise of religion, even if the burden results
21 from a law of general applicability, unless the law passes strict scrutiny analysis.  A.R.S. §
22 41-1493.01(B).  A "substantial burden," however, does not mean "trivial, technical or de
23 minimis [sic] infractions."  A.R.S. § 41-1493.01(E).

24        This district looks to federal cases interpreting "substantial burden" under the federal
25 Religious Freedom Restoration Act on which Arizona's statute was based.  *See Seidman v.
26 Paradise Valley Unified Sch. Dist.*, 327 F. Supp. 2d 1098, 1118 (D. Ariz. 2004).  A
27 "substantial burden" on the exercise of religion means a person must be "forced to choose

between following the tenets of their religion and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008). Stated another way, "substantial burden" is "substantial pressure on an adherent to modify his behavior and to violate his beliefs" to avoid criminal prosecution or receive a governmental benefit. *Id.* at 1073 n.15; *see Hobbie v. Unemployment Appeals Comm'n of Florida*, 480 U.S. 136, 140-41 (1987).

Here, even construing all inferences in favor of Plaintiffs, the Town's amended sign ordinance does not have any effect on their exercise of religion. Plaintiffs have alleged that their religious beliefs require them to "meet together with like-minded individuals, teach and preach the Gospel, sing religious songs, pray for their community, and encourage others." (Dkt. No. 24, at ¶ 42.) Clearly, the Town's amended sign ordinance has no impact at all on any of these activities, and Plaintiffs have alleged none. Plaintiffs further allege that "they should carry out" a Biblical directive to "make disciples of all nations" by "reaching out to the community to meeting together on a regular basis" and inviting community members to attend their services. (Dkt. No. 24, at ¶¶ 44-46.) Again, the Town's amended sign ordinance imposes no burden on any of these activities. As the Court already found, Plaintiffs have numerous, available avenues to "reach out to the community" or invite people to their services. (Dkt. No. 43, at p. 13.) Pastor Reed and his parishioners may invite directly friends, family members, and neighbors to the services, distribute leaflets in their neighborhoods or on the street corner, send e-mail messages, mail letters, post signs in their front yards or at their places of business, advertise in the phone book or newspaper, or walk the sidewalks or parks with posters concerning information about the church. And, importantly, Plaintiffs may post temporary directional signs inviting passersby to their services that comply with the reasonable time, place, and manner regulations of the Town's amended sign ordinance. As such, there is *no* burden on Plaintiffs' exercise of religion, as a matter of law. *See Seidman*, 327 F. Supp. 2d at 1118 (finding a school district's refusal to

- 8 -

post a parent's personalized tile with a religious message on a school wall did not burden the parent's religion in any way).

Plaintiffs do not even allege that they have been "forced to choose between following the tenets of their religion and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." *Navajo Nation*, 535 F.3d at 1070. Instead, Plaintiffs merely allege that, with unfettered, unlimited promotion of their church through this particular type of free signage, "more people will receive the invitation." (Dkt. No. 24, at ¶ 49.) But the Free Exercise Clause and AzRFRA (or federal Religious Freedom Restoration Act) have never been interpreted or applied to require government to allow unlimited, free promotion of a religious organization's beliefs or activities. *See id.* at 1073 ("Never to our knowledge has the Court interpreted the First Amendment to require the Government itself to behave in ways that the individual believes will further his or her spiritual development or that of his or her family."); *Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) ("'[A] substantial burden' must place more than an inconvenience on religious exercise.") The Town is not constitutionally required to afford Plaintiffs the easiest, least expensive, most convenient means of communicating their message to the masses. *See Vincent*, 466 U.S. at 812 ("[T]he First Amendment does not guarantee the right to employ every conceivable method of communication at all times and in all places.") Plaintiffs' allegations simply do not rise to the level of a burden on religious exercise, let alone a substantial burden. Thus, summary judgment on their AzRFRA claim is also appropriate.

**IV.  PLAINTIFFS' CLAIMS RELATING TO THE TOWN'S ORIGINAL SIGN ORDINANCE (COUNTS ONE - FOUR) ARE MOOT**

Any of Plaintiffs' claims relating to the Town's original sign ordinance are moot. In April 2007, the Town stipulated to enjoin the enforcement of the original sign ordinance relating to temporary directional signs, Chapter I, § 4.402(P) of the Land Development Code. Effective January 8, 2008, the Town adopted the current sign ordinance relating to temporary directional signs, which replaced and superseded the enjoined sign ordinance. (SOF ¶¶ 4-5.)

The amended ordinance remains in effect. The Court's Order, dated September 30, 2008, confirmed the constitutional validity of the current ordinance. The Town has no intention of reenacting the previously-enjoined sign ordinance. (SOF ¶ 6.)

"As a general rule, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Caruso v. Yamhill County*, 422 F.3d 848, 853 (9th Cir. 2005) (internal citations and quotations omitted). "A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed. As a general rule, if a challenged law is repealed or expires, the case becomes moot." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994). The "rare" exception to this general rule involves a situation where it is "virtually certain" that the repealed or superseded law will be reenacted, such as where a city announces its intention to reenact the same statute pending the outcome of litigation. *Id.*; *see Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1181 (9th Cir. 2006). "The fact that the lawsuit may have prompted the city's action does not alone show the city's intent to later re-enact the challenged ordinance." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 901 (9th Cir. 2007). Nor may the Court assume that the City will act in bad faith to reenact a superseded ordinance. *See Smith v. University of Washington Law Sch.*, 233 F.3d 1188, 1195 (9th Cir. 2000).

Here, any claims related to the Town's original, superseded ordinance fall within the general rule concerning mootness. The original version of Section 4.402(P) has been out of force since April 2007. The Town's current version of Section 4.402(P) has been in effect since January 2008, and this Court correctly concluded that the current ordinance is constitutional. The Town has no intention of repealing the existing, constitutional sign ordinance and reenacting the earlier version of the ordinance – regardless of the outcome of the present lawsuit. (SOF ¶ 6.) Accordingly, there is no live case or controversy before the Court, and the Court should dismiss all of Plaintiffs' claims related to the Town's original sign ordinance as moot.

## V. CONCLUSION

For the foregoing reasons, Defendants Town of Gilbert and Adam Adams respectfully request that this Court enter summary judgment against Plaintiffs on all claims in Plaintiffs' Amended Verified Complaint.

RESPECTFULLY SUBMITTED this 5th day of November, 2008.

**GRASSO LAW FIRM P.C.**

By   s/Kim S. Alvarado
Robert Grasso, Jr.
Kim S. Alvarado
Jackson Plaza
4600 South Mill Avenue, Suite 125
Tempe, Arizona 85282
   Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and by mail on the following who are not registered participants of the CM/ECF System:

Benjamin W. Bull, Esq.
Jeremy D. Tedesco, Esq.
**ALLIANCE DEFENSE FUND**
15100 North 90th Street
Scottsdale, Arizona  85260
*bbull@telladf.org*
*jtedesco@telladf.org*
  Attorneys for Plaintiffs

David A. Cortman, Esq.
**ALLIANCE DEFENSE FUND**
1000 Hurricane Shoals Road, Suite D-600
Lawrenceville, Georgia 30043
*dcortman@telladf.org*
  Attorneys for Plaintiffs


By  s/N. Rach