1    BENJAMIN W. BULL
      AZ Bar No. 009940
2    JEREMY D. TEDESCO
      AZ Bar No. 023497
3    ALLIANCE DEFENSE FUND
      15100 N. 90th Street
4    Scottsdale, AZ 85260
      (480) 444-0020; (480) 444-0028 facsimile
5    jtedesco@telladf.org

6    DAVID A. CORTMAN
      GA Bar No. 188810
7    ALLIANCE DEFENSE FUND
      1000 Hurricane Shoals Rd., NE
8    Building D, Suite 600
      Lawrenceville, GA 30043
9    (770)339-0774; (770)339-6744 facsimile
      dcortman@telladf.org
10
      Attorneys for Plaintiffs
11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Pastor Clyde Reed; and Good News Community Church, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | CASE NO. 2:07-cv-00522-PHX-SRB ) ) |
| Town of Gilbert, Arizona; and Adam Adams in his official capacity as Code Compliance Manager, | ) PLAINTIFFS' MOTION PURSUANT ) TO FED.R.CIV.P. 56(f) FOR RELIEF ) FROM DEFENDANTS' MOTION ) FOR SUMMARY JUDGMENT WITH |
| Defendants. | ) SUPPORTING MEMORANDUM OF ) LAW |
| _____ | ) |

**TABLE OF CONTENTS**

Plaintiffs' Motion Pursuant to Fed.R.Civ.P. 56(f) .................................... 1

I.   Where, as here, discovery has not even started and the case is in its infancy, a summary judgment ruling should be continued until after the parties have an opportunity to engage in discovery .................................... 2

II.  Plaintiffs' Rule 56(f) motion should also be granted because Plaintiffs satisfy all relevant criteria to warrant a stay or denial of Defendants' summary judgment motion .................................... 7

     A.   Plaintiffs, through their counsel, have set forth by affidavit the specific facts they intend to elicit through discovery .................. 8

     B.   The facts that Plaintiffs intend to elicit from discovery are likely to exist and not speculative .................................... 10

     C.   The facts Plaintiffs desire to obtain through discovery are essential to their ability to oppose Defendants' summary judgment motion ...... 10

III. Conclusion .................................................... 11

# TABLE OF AUTHORITIES

**Cases** **Page**

*American Family Mutual Insurance Co. v. Herndon*,
　　No. CV04-1857 (D.Ariz. Oct. 7, 2005) ................................. 6

*Anderson v. Liberty Lobby, Inc.*,
　　477 U.S. 242 (1986) ................................................ 2, 5

*Benjamin v. Coker*,
　　No. CV-06-12-7, 2006 WL 3388344 (D. Ariz. Nov. 17, 2006) ............ 4, 10

*Burlington Northern Santa Fe Railroad Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*,
　　323 F.3d 767 (9th Cir. 2003) ........................................ 4, 8

*Celotex Corp. v. Catrett*,
　　477 U.S. 317 (1986) ................................................ 2, 5

*Costello v. Providers Fidelity Life Ins. Co.*,
　　958 F.2d 836 (8th Cir. 1992) ........................................... 3

*Doe v. Abington Friends School*,
　　480 F.3d 252 (3d Cir. 2007) ....................................... 3, 4, 9

*Frye v. City of Kannapolis*,
　　109 F.Supp.2d 436 (M.D.N.C. 1999) ...................................... 8

*Grismore v. United Recovery Systems*,
　　CV05-2094 (D. Ariz. Oct. 7, 2005) ...................................... 5

*Jones v. Blanas*,
　　393 F.3d 918 (9th Cir. 2004) ........................................... 2

*Mangum v. Action Collection Service, Inc.*,
　　No. CV-05-507, 2006 WL 2224067 (D. Idaho Aug. 2, 2006) ................. 7

*Metabolife Intern., Inc. v. Wornick*,
　　264 F.3d 832 (9th Cir. 2001) ........................................... 5

*Miller v. Wolpoff & Abramson, LLP*,
　　321 F.3d 292 (2d Cir. 2003) ............................................ 5

*Moore v. American Family Mutual Insurance Co.*,
　　No. CIV 06-2408, 2007 WL 2725262 (D. Ariz. Sept. 17, 2007) ............. 6

*Portland Retail Druggists Assoc. v. Kaiser Foundation Health Plan*,
　　662 F.2d 641, 645 (9th Cir. 1981) ...................................... 5

*Seville Classics, Inc. v. Meskill Enterprises, LLC*,
　　No. CV 04-10086, 2005 WL 6141289 (C.D. Cal. Mar. 31, 2005) ............ 7

*Visa International Service Assoc. v. Bankcard Holders of America*,
　　784 F.2d 1472, 1475 (9th Cir. 1986) .................................... 8

*White's Landing Fisheries, Inc. v. Buchholzer*,
    29 F.3d 229 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Other Authority**

Fed.R.Civ.P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fed.R.Civ.P. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 56(f) FOR RELIEF FROM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Tossing aside the as-yet-begun discovery phase of this case, the Defendants, on November 5, 2008, filed a summary judgment motion. They filed it before the parties even had a chance to meet and confer in accordance with the Court's Order setting the Rule 16 scheduling conference, let alone begin discovery pursuant to the standard case management track. In accordance, then, with Rule 56(f) of the Federal Rules of Civil Procedure, and without waiving their right to oppose Defendants' summary judgment motion on the merits at a later time, Plaintiffs Clyde Reed and Good News Community Church now ask the Court to stay Defendants' motion and grant Plaintiffs leave to conduct necessary discovery in order to prove their claims and to rebut Defendants' motion. In the alternative, Plaintiffs ask the Court to deny Defendants' motion for summary judgment without prejudice, with leave to re-file the motion at a later date. This would give Plaintiffs a chance to conduct discovery pursuant to a forthcoming scheduling order issued by the Court. It would also allow the parties to file summary judgment motions at the appropriate time after discovery ends.

Again, no discovery in this case has been conducted, nor could it be conducted, pursuant to Federal Rule of Civil Procedure 26, because at the time of filing, the parties had yet to participate in the Rule 26 conference.[1] Accordingly, through this Motion and its

---

[1] In the parties' recently filed Joint Proposed Case Management Plan, Defendants inexplicably include a statement characterizing Plaintiffs' well-settled right to pursue discovery as permitting Plaintiffs to "simply run up attorneys' fees and harass Town employees with open-ended discovery requests and depositions." (Doc. 57, p. 16.) Plaintiffs are baffled by Defendants' position on two fronts. First, Plaintiffs' pending motion to stay the proceedings would freeze this case and curb any additional attorney time until the Ninth Circuit decides the issues on appeal. Yet, Defendants oppose a stay and prefer to continue to expend additional time and resources litigating issues that the Ninth Circuit's decision might undo. Defendants cannot have it both ways. Either they choose to continue to litigate and thereby increase attorneys' fees and costs for both parties, or they agree to stay the case and thereby limit these expenses. But to strenuously argue that the case should continue to be litigated at the district court and then blame Plaintiffs for running up fees is disingenuous.

Second, Defendants act as if discovery by parties is somehow the exception, rather than the rule, in federal litigation. As shown *infra*, however, federal litigation resolves

1

accompanying documentation, Plaintiffs now move for the opportunity to pursue discovery to adequately respond to Defendants' motion.

If the Court grants this motion and stays Defendants' summary judgment motion, Plaintiffs propose to file a cross-motion for summary judgment within the time frame set by the Court at the upcoming scheduling conference.[2]

In support of this motion, Plaintiffs submit the below memorandum and the supporting declaration of Plaintiffs' counsel Jeremy D. Tedesco. Plaintiffs also submit, in accordance with LRCiv 7.1(b), a proposed order of court.

**MEMORANDUM OF LAW**

**I.  Where, as here, discovery has not even started and the case is in its infancy, a summary judgment ruling should be continued until after the parties have an opportunity to engage in discovery**.

Defendants' premature summary judgment motion attempts to take away Plaintiffs' right to first engage in a period of discovery set by this Court. While Defendants may insist that Fed.R.Civ.P. 56(b) allows such a motion to be filed at any time, the United States Supreme Court interprets Rule 56 as contemplating that summary judgment can be granted only after giving the nonmoving party a chance to engage in discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, <u>after</u> adequate time for discovery") (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (nonmoving party's burden at summary judgment is based on the assumption that the party "had a full opportunity to conduct discovery").

In this vein, the Ninth Circuit and other federal courts routinely express disfavor toward pre-discovery summary judgment motions. *See*, *e.g.*, *Jones v. Blanas*, 393 F.3d 918,

---

around the generous and wide-ranging discovery provided by the Federal Rules of Civil Procedure, and it is Plaintiffs' right to pursue reasonable discovery to uncover facts germane to their claims.

[2]Plaintiffs respectfully request a quick ruling on this motion, as Plaintiffs' response to Defendants' summary judgment motion is due in approximately two weeks.

2

930 (9th Cir. 2004), *cert. denied*, 546 U.S. 820 (2005) ("[S]ummary judgment is disfavored where relevant evidence remains to be discovered"); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("[S]ummary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery . . . . [T]he benefits of [Rule 56] are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness. [T]he grant of summary judgment, absent <u>any</u> opportunity for discovery, is such a misuse") (emphasis in original); *Costello v. Providers Fidelity Life Ins.*, 958 F.2d 836, 839 (8th Cir. 1992) (explaining that "[t]he Supreme Court has been careful to state that the rules regarding the proper opposition to a summary judgment motion apply only after adequate time for discovery has been allowed" and holding that "[s]ummary judgment is inappropriate until [the non-movant] has an adequate opportunity to conduct discovery"); *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007) ("[I]t is well established that a court is obligated to give a party opposing summary judgment an adequate opportunity to obtain discovery. This is so because, by its very nature, the summary judgment process presupposes the existence of an adequate record") (quotation and citations omitted).[3]

Given the above, and the fact that "federal litigation resolves around the generous and wide-ranging discovery provided by the Federal Rules of Civil Procedure," *Abington Friends School*, 480 F.3d at 257,[4] Plaintiffs should not have to file a response to Defendants' summary judgment motion without a reasonable discovery period. Plaintiffs can pursue

---

[3] Given that summary judgment presupposes the existence of an adequate record, Defendants' motion at this early stage is particularly premature because the parties have yet to develop any factual record through discovery. Defendants' purported statement of facts in support of their summary judgment motion highlights this lack of a record. (Doc. 52.) Indeed, in their statement, Defendants include just six numbered paragraphs that fail to provide any basis for a summary judgment ruling.

[4] Citing Fed.R.Civ.P. 26(a)(1) (initial disclosures); 26(a)(2) (disclosure of expert testimony); 26(a)(3) (pretrial disclosures); 30 (oral depositions); 31 (written depositions); 33 (interrogatories); 34 (entry onto land and production of documents and things); 35 (physical and mental examinations); and 36 (requests for admission).

3

discovery as a matter of right, and it is not their burden to prove why discovery is needed. Rather, it is Defendants who must prove that discovery is unnecessary.[5]

Further, Rule 56(f) of the Federal Rules of Civil Procedure, under which Plaintiffs now move, bolsters Plaintiffs' position in support of discovery and in favor of staying adjudication of Defendants' motion or denying it without prejudice. Rule 56(f) states as follows:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

When a defendant files a summary judgment motion prior to discovery, Rule 56(f) functions as a safety valve to assist a party in staving off a premature motion for summary judgment, like the Defendants'. In the Ninth Circuit, where a summary judgment motion "is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery related to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern Santa Fe Railroad Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *see also, Benjamin v. Coker*, No. CV-06-12-7, 2006 WL 3388344 at *1 (D. Ariz. Nov. 17, 2006) (same); *Abington Friends School*,

---

[5]As shown by the cases interpreting Rule 56, Plaintiffs have a clear right to pursue and uncover, through discovery, facts relevant to their claims and Defendants' defenses. At this stage of the case, prior to the exchange of initial disclosures, Plaintiffs lack detailed knowledge as to exactly what information the Defendants have regarding the interpretation, implementation, and enforcement of the sign code. Might Defendants want to toss aside the discovery phase of this case in an attempt to avoid disclosing damaging facts to Plaintiffs? Plaintiffs have no way of knowing right now. But the Federal Rules mandate that Plaintiffs be afforded a reasonable chance to find out.

Defendants, though, by filing a premature motion for summary judgment, urge a convenient way for any defendant, in any case, to avoid producing evidence that is potentially damaging to their case (or that may help a plaintiff prove his). By staying Defendants' motion, or denying it without prejudice, the Court can disapprove of such an end-run approach.

1  480 F.3d at 257 ("District courts usually grant properly filed Rule 56(f) motions <u>as a matter</u>
2  <u>of course</u>") (quotation omitted) (emphasis added).  And although Rule 56(f) "facially gives
3  judges the discretion to disallow discovery when the non-moving party cannot yet submit
4  evidence supporting its opposition, the Supreme Court has restated the rule as <u>requiring</u>,
5  rather than merely permitting, discovery 'where the nonmoving party has not had the
6  opportunity to discover information that is essential to its opposition.'" *Metabolife Intern.,*
7  *Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (emphasis added) (quoting *Anderson*, 477
8  U.S. at 250 n. 5); *see also*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.
9  2003) ("Fed.R.Civ.P. 56(f) provides, as interpreted by court opinions, that when a party
10 facing an adversary's motion for summary judgment reasonably advises the court that it
11 needs discovery to be able to present facts needed to defend the motion, the court should
12 defer decision of the motion until the party has had the opportunity to take discovery and
13 rebut the motion") (citation omitted).[6]

14  Here, where no discovery has occurred and the case procedurally is in its early stages,
15 this is a clear instance where the Court should stay a decision of Defendants' summary
16 judgment motion or simply deny the motion without prejudice.  Doing so would prevent
17 Plaintiffs from, as the U.S. Supreme Court terms it, being "railroaded" by such a premature
18 summary judgment motion.  *Celotex Corp.*, 477 U.S. at 326.

19  Moreover, this Court routinely grants Rule 56(f) motions in nearly identical contexts.
20 Take, for example, *Grismore v. United Recovery Systems*, CV05-2094, (D. Ariz. Oct. 7,

---

[6] Additional support for granting a party adequate time for discovery before issuing a dispositive ruling can be found in the Rule 12(b)(6) motion to dismiss context.  Whenever a district court looks beyond the pleadings in evaluating a Rule 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56.  Fed.R.Civ.P. 12(b)(6). *Portland Retail Druggists Association v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).  Before summary judgment may be entered, all parties must be given notice of the motion and an opportunity to respond.  *Portland Retail Druggists*, 662 F.2d at 645. "Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion." *Id*. (quotation omitted).

5

2005) (attached as Exhibit 2). There, a plaintiff filed a summary judgment motion before the Court even conducted a scheduling conference and before the kickoff of discovery. *Id*. at 1. The Court granted the defendant's Rule 56(f) motion, stating as follows:

> Generally the Court will not grant a motion for summary judgment before discovery can be completed. *See generally* FED.R.CIV.P. 56(f); *Thi-Hawaii Inc. v. First Commerce Financial Corp.*, 627 F. 2d 991, 994 (9th Cir. 1980). In particular, if a summary judgment motion is filed so early in the case that a party has not had any realistic opportunity to pursue discovery, any Rule 56(f) motion should be granted "fairly freely". *Burlington Northern Sante Fe R & R Co. v. The Assiniboine and Sioux Tribes*, 323 F. 3d 767, 773-74, (9th Cir. 2003)(noting that the Supreme Court has interpreted Rule 56(f) as requiring the district court to allow discovery, rather than permitting the district court to allow discovery). In this case, discovery has not yet begun. Therefore, relief pursuant to Rule 56(f) is appropriate.

*Id*. at 1-2.

Consider also *American Family Mutual Insurance Co. v. Herndon*, No. CV04-1857 (D. Ariz. Oct. 7, 2005) (attached as Exhibit 3). In that case, a plaintiff moved for summary judgment before the discovery cutoff deadline and argued, in response to the defendants' Rule 56(f) motion, that the Court should rule on the pending summary judgment motion "without any further evidence." *Id*. at 1-2. Unpersuaded by this argument, this Court granted the Rule 56(f) motion and reiterated that

> [i]n this Circuit, Rule 56(f) is construed very liberally. Specifically, if a party objects, generally the Court will not grant a motion for summary judgment before discovery can be completed . . . . In this case, the deadline for completing discovery is December 2, 2005. The Court will allow discovery to be completed before it undertakes to rule on the motion for summary judgment.

*Id*.

Fitting too is *Moore v. American Family Mutual Insurance Co.*, No. CIV 06-2408, 2007 WL 2725262 (D. Ariz. Sept. 17, 2007). There, a defendant moved for summary judgment before the parties met and conferred in accordance with Rule 26(f) and prior to exchanging any initial disclosure statements. *Id*. at 4. In this Court's view, "the lack of any opportunity for discovery . . . prevented the Plaintiff from having a full and fair opportunity to discover important aspects of the case . . . " *Id*. Without such an opportunity, the Court deemed it "premature to grant summary judgment in Defendant's favor," and held that "due

6

to the early stages of the litigation and the lack of any discovery," granting the plaintiff's Rule 56(f)-based request was appropriate.[7]

In sum, precedent demonstrates that Plaintiffs are entitled to conduct discovery as of right, and Defendants must shoulder the heavy burden of proving that discovery is unnecessary prior to a grant of summary judgment. Cases show too that when a party moves for summary judgment before discovery, a Rule 56(f) motion to stave off the premature motion has great merit. To date, the Court has yet to set discovery dates and Plaintiffs have yet to be able to pursue discovery. Nevertheless, Defendants moved for summary judgment. Whether through deposing affiants and Town officials, reviewing pertinent documents, or accumulating their own evidence to respond to Defendants' summary judgment motion, Plaintiffs need a fair chance to respond to Defendants' motion.

Given these circumstances, the Court should issue a necessary stay of Defendants' motion or deny without prejudice Defendants' motion. Defendants would then be free to re-file the motion at a later date, if they so choose.

**II.    Plaintiffs' Rule 56(f) motion should also be granted because Plaintiffs satisfy all relevant criteria to warrant a stay or denial of Defendants' summary judgment motion.**

Not only are Plaintiffs entitled to pursue discovery before the Court decides Defendants' summary judgment motion, but Plaintiffs also meet the stated criteria for relief under Rule 56(f). In this Circuit, a Rule 56(f) motion is generally granted where the movant

---

[7] Other courts within the Ninth Circuit have ruled similarly, granting Rule 56(f) motions when a party prematurely moves for summary judgment. *See*, *e.g.*, *Seville Classics, Inc. v. Meskill Enterprises, LLC*, No. CV 04-10086, 2005 WL 6141289 (C.D. Cal. Mar. 31, 2005) (granting a plaintiff's Rule 56(f) request where the defendant "filed and served its Motion for Summary Judgment at the very outset of this case on the day of the Scheduling Conference, prior to giving Plaintiff any opportunity to conduct discovery"); *Mangum v. Action Collection Service, Inc*., No. CV-05-507, 2006 WL 2224067 (D. Idaho Aug. 2, 2006) ("The City filed its summary judgment motion...almost three weeks before the Court set the discovery cutoff deadline as part of a case management conference. Clearly this is more a case of the City jumping the gun, than of Mangum refusing to move from the starting line. Based on Ninth Circuit policy, and because Mangum has met the requirements of Rule 56(f), the Court grants Mangum's request for further discovery and denies the City's motion").

7

timely sets forth in affidavit form the specific facts that they hope to elicit from further discovery, that there is some basis for believing that the information sought actually exists, and that these facts are necessary to resist the summary judgment motion. *See Visa International Service Assoc. v. Bankcard Holders of America*, 784 F.2d 1472, 1475 (9th Cir. 1986); *Jones*, 393 F.3d at 930. Importantly, when no discovery whatsoever has occurred, as here, the Ninth Circuit has stated that "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not been laid." *Burlington Northern Santa Fe Railroad Co.*, 323 F.3d at 774. As discussed below, an affidavit from one of Plaintiffs' attorneys properly supports their Rule 56(f) request, thereby satisfying each requisite element.

> **A.    Plaintiffs, through their counsel, have timely set forth by affidavit the specific facts they intend to elicit through discovery.**

Submitted as Exhibit 1 to this motion is an affidavit from Plaintiffs' counsel Jeremy D. Tedesco. In it, Mr. Tedesco, on behalf of the Plaintiffs, outlines the specific facts that Plaintiffs plan to acquire through discovery, facts that will allow Plaintiffs to adequately respond to Defendants' summary judgment motion.

Part of the reason why Plaintiffs desire to pursue discovery is to illustrate the Defendants' disparate treatment of signs based on their content. Plaintiffs' challenge requires discovery regarding how Defendants' enforcement officials interpret and apply the amended sign code, and how Defendants actually enforce the code. *See*, *e.g.*, *Frye v. City of Kannapolis*, 109 F. Supp. 2d 436, 439 (M.D.N.C. 1999) (to "determine the validity of a challenged statute" the "facts surrounding the plaintiff's particular circumstances [are] relevant"). Accordingly, Plaintiffs intend to pursue (among other likely things):

- Depositions of Town officials charged with interpreting and enforcing the sign code to determine, *inter alia*, how officials decide which category a sign falls into, who decides on the category, and what criteria is used to guide such decisions (Ex. 1, ¶¶9-10);

- Documentation of the meaning, interpretation, and enforcement of the code with respect to the preceding issues and others (*id*. at ¶11);

8

1  • All applications for, and approvals or denials of, permits for each category of signs and the criteria used in deciding whether to approve or deny permits (*id*. at ¶12);

2

3  • Evidence regarding how Town officials purportedly further aesthetic interests by, inter alia, allowing political signs without limit but not church directional signs (*id*. at 13);

4

5  • Evidence regarding any warnings or citations given out for signs, including the categories of signs that received warnings and the content of said signs (*id*. at ¶14);

6

7  • Discovery regarding which sections of the sign code apply to which signs (*id*. at ¶15); and

8

9  • Discovery regarding how the Defendants interpret the Ordinance different than the way it reads on its face. (*Id*. at ¶¶16-21.)

10     Indeed, on this last point, for example, Defendants claim that signs for homeowners
11 associations and subdivision builder real estate signs are not permitted in the right of way.
12 (Defs.' Opp. 14.)  Yet, the provisions of the sign code regulating these signs state no such
13 thing. (Am. Compl. Ex. 1 at 21 (HOA signs); *Id*. at 17-18 (subdivision builder signs).)
14 Defendants' counsel, at the preliminary injunction hearing, tried to explain this contradiction
15 by citing ¶ 4.403C of the Code (*id*. at 11), stating  that this section of the Code states that
16 signs may not be placed in the right of way.  Problem is, the only part of ¶ 4.403C dealing
17 with the right of way states: "*Permanent signs shall not project into or over the public*
18 *right-of-way* without first obtaining a license from the Town." (*Id*.) (emphasis added).
19 Homeowners association and subdivision builder real estate signs (along with political,
20 ideological, and Plaintiffs' religious signs) are *temporary*, not permanent, signs, so this
21 section of the Code does not even apply to them.  In addition, this section does not prohibit
22 permanent signs in the right of way; it just requires a license to place a sign there.

23     The above facts that Plaintiffs anticipate gathering during the discovery phase of this
24 case, all set forth in the accompanying affidavit, easily satisfies Rule 56(f)'s requirement of
25 specificity.

26

27

28

9

**B. The facts that Plaintiffs intend to elicit from discovery are likely to exist and not speculative.**

A movant under Rule 56(f) should generally show that sought after facts are "not the object of pure speculation or non-existent." *Coker*, 2006 WL 3388344, at *2. Here, the facts Plaintiffs seek (as indicated above and in the accompanying affidavit) are not speculative and are capable of being discovered. Yet, as addressed, *supra*, as the date is still ahead for the parties to conduct discovery, Plaintiffs have not had occasion to seek, let alone obtain, any information from any Defendant in this case. The parties have not even exchanged initial disclosures. Formal discovery from all parties will reveal all of the facts necessary to determine the constitutionality of Defendants' sign ordinance and enable Plaintiffs to respond to Defendants' summary judgment motion at the appropriate time.

**C. The facts Plaintiffs desire to obtain through discovery are essential to their ability to oppose Defendants' summary judgment motion.**

Defendants' summary judgment motion includes issues relating to each of Plaintiffs' claims arising under the free speech and free exercise clauses of the First Amendment, the equal protection clause of the Fourteenth Amendments, and the Arizona Religious Freedom Restoration Act. Plaintiffs need a chance to respond to Plaintiffs' motion after acquiring relevant facts through discovery. The law and facts upon which Defendants rely in their motion for summary judgment involve important, but as yet undisclosed facts that will bolster Plaintiffs' response to their motion. Indeed, evidence of how the Town interprets, implements, and enforces its amended sign code is essential to Plaintiffs proving their as applied claim. So too is documentation of the approval or denial of permit applications for signs, evidence regarding any issued warnings or citations, and which sections of the code apply to which signs. And, germane to Plaintiffs' facial claim is how the Defendants interpret the Ordinance different than the way it reads on its face. (All of these areas are addressed more fully above and in the accompanying affidavit.) For these reasons, it is only reasonable to allow Plaintiffs to conduct discovery so that they can fully address the merits of Defendants' summary judgment motion.

1    It is also reasonable to allow discovery because to rule otherwise would be highly
2 prejudicial to Plaintiffs, cutting off their right to acquire facts to support their claims. This
3 is especially true in light of the fact that the Court ruled against Plaintiffs on their preliminary
4 injunction motion. Without discovery, Plaintiffs are left at a significant disadvantage with
5 no chance to gather facts to rebut Defendants' pending motion and to draft and file their own
6 summary judgment motion.

### III.    Conclusion

8    Plaintiffs respectfully ask that the Court grant their Rule 56(f) motion, and either stay
9 adjudication of Defendants' summary judgment motion or deny the motion without
10 prejudice.

11 Respectfully submitted this 24th day of November, 2008.

s/Jeremy D. Tedesco

| Benjamin W. Bull | David A. Cortman |
|---|---|
| AZ Bar No. 009940 | GA Bar No. 188810 |
| Jeremy D. Tedesco | dcortman@telladf.org |
| AZ Bar No. 023497 | 1000 Hurricane Shoals Rd., NE |
| jtedesco@telladf.org | Building D, Suite 600 |
| 15100 N. 90th Street | Lawrenceville, GA 30043 |
| Scottsdale, AZ | (770) 339-0774 |
| (480) 444-0020 | (770) 339-6744 facsimile |
| (480) 444-0028 facsimile | |

*Attorneys for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on November 24, 2008, I electronically filed the foregoing Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f) for Relief from Defendants' Motion for Summary Judgment with Supporting Memorandum of Law with the Clerk of the Court using the CM/ECF system, which will send notification to:

Kim S. Alvarado
Grasso Law Firm, P.C.
2430 West Ray Road, Suite 3
Chandler, AZ 85224

By:    <u>s/Jeremy D. Tedesco</u>
       Jeremy D. Tedesco
       AZ Bar # 023497
       Alliance Defense Fund
       15100 N. 90th Street
       Scottsdale, Arizona 85260
       Phone (480) 444-0020
       Fax (480) 444-0028
       jtedesco@telladf.org