1

2

**EXHIBITS TABLE OF CONTENTS**
**PLAINTIFFS' MOTION PURSUANT TO FED.R.CIV.P. 56(f) FOR RELIEF**
**FROM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

3

Reed, *et al.*

v.

4

Town of Gilbert, *et al.*

5

CASE NO. 2:07-cv-00522-PHX-SRB

6

**Exhibits**

7

1.    Affidavit of Jeremy D. Tedesco in Support of Plaintiffs' Rule 56(f) Motion

8

2.    Copy of *Grismore v. United Recovery Systems, L.P.*, No. CV 05-2094 (D.Ariz. Oct.

9

7, 2005).

10

3.    Copy of *American Family Mutual Insurance Co. v. Herndon*, No. CV 04-1847 (D.

11

Ariz. Oct. 7, 2005).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  BENJAMIN W. BULL
   AZ Bar No. 009940
2  JEREMY D. TEDESCO
   AZ Bar No. 023497
3  ALLIANCE DEFENSE FUND
   15100 N. 90th Street
4  Scottsdale, AZ 85260
   (480) 444-0020; (480) 444-0028 facsimile
5  jtedesco@telladf.org

6  DAVID A. CORTMAN
   GA Bar No. 188810
7  ALLIANCE DEFENSE FUND
   1000 Hurricane Shoals Rd., Ste D-600
8  Lawrenceville, GA 30043
   (770)339-0774; (770)339-6744 facsimile
9  dcortman@telladf.org

10 Attorneys for Plaintiffs

11                    **UNITED STATES DISTRICT COURT**
12                       **DISTRICT OF ARIZONA**
                          **PHOENIX DIVISION**
13
   Pastor Clyde Reed; and Good News         )
14 Community Church,                        )
                                            )
15         Plaintiffs,                      )
                                            )   CASE NO. 2:07-cv-00522-PHX-SRB
16         v.                               )
                                            )   AFFIDAVIT OF JEREMY D.
17 Town of Gilbert, Arizona; and Adam       )   TEDESCO IN SUPPORT OF
   Adams in his official capacity as        )   PLAINTIFFS' MOTION PURSUANT
18 Code Compliance Manager,                 )   TO FED.R.CIV.P. 56(f) FOR RELIEF
                                            )   FROM DEFENDANTS' MOTION
19         Defendants.                      )   FOR SUMMARY JUDGMENT
   _____)
20
21 1.    My name is Jeremy D. Tedesco and I am attorney of record in this case for Plaintiffs
22       Clyde Reed and Good News Community Church.

23 2.    I submit this Affidavit based on my own personal knowledge and in support of
24       Plaintiffs' Motion Pursuant to Fed.R.Civ.P. 56(f) For Relief From Defendants'
25       Motion For Summary Judgment.

26 3.    Defendants' filed their currently pending summary judgment motion on November
27       5, 2008.

28 4.    Defendants filed this motion prior to the start of discovery in this case.

   5.    Plaintiffs have thus had no opportunity to depose Town officials, request and examine

pertinent documents, or accumulate their own evidence to respond to Defendants' pending summary judgment motion.

6.   On the basis of careful assessment of Plaintiffs' allegations, I believe that to fully present all of their claims under the First and Fourteenth Amendments and the Arizona Religious Freedom Restoration Act, Plaintiffs must be given a chance to conduct discovery.

7.   Plaintiffs anticipate requesting and eliciting documentation (as described below) that illustrates the Defendants' disparate treatment of signs based on their content.

8.   Plaintiffs' legal challenge involves issues regarding how Defendants' enforcement officials interpret and apply the amended sign code, and how Defendants actually enforce the code.

9.   Plaintiffs anticipate taking the depositions of Town officials identified by the Defendants as being charged with interpreting and enforcing the sign code.

10.  Plaintiffs anticipate that these depositions will elicit relevant testimony regarding, among other things, how Town officials decide which category a sign falls into, who decides on the category, and what criteria is used to guide such decisions (such as the content of a sign).

11.  Plaintiffs also intend to pursue discovery regarding the meaning, interpretation, and enforcement of the code with respect to the above issues and others.

12.  Also desired by Plaintiffs, through discovery, are all applications for, and approvals or denials of, permits for each category of signs and the criteria used in deciding whether to approve or deny sign permits.

13.  Plaintiffs also desire evidence regarding how Town officials purportedly further aesthetic interests by, among other things, allowing political signs without limit but not church directional signs.

14.  Plaintiffs also anticipate pursuing documention regarding any warnings or citations given out by Town officials for signs, including the specific categories of signs that received warnings and the content of said signs.

15.   Discovery regarding which sections of the sign code apply to which signs is also relevant to Plaintiffs' claims, and Plaintiffs anticipate pursuing such evidence through discovery.

16.   Plaintiffs also desire facts regarding how the Defendants interpret the Ordinance in a manner different than the way it reads on its face.

17.   Plaintiffs need discovery on this preceding issue because in their preliminary injunction briefing, Defendants claim that signs for homeowners associations and subdivision builder real estate signs are not permitted in the right of way. (Defs' Opp. 14.)

18.   However,  the provisions of the sign code regulating these signs state no such thing. (Am. Compl. Ex. 1 at 21 (HOA signs); *id*. at 17-18 (subdivision builder signs).)

19.   At the hearing on Plaintiffs' second motion for preliminary injunction, Defendants' counsel tried to explain this contradiction by citing ¶ 4.403C of the Code (*id*. at 11), stating  that this section of the Code states that signs may not be placed in the right of way.

20.   But the only part of ¶ 4.403C dealing with the right of way states: "Permanent signs shall not project into or over the public right-of-way without first obtaining a license from the Town." (*Id*.)  Homeowners association and subdivision builder real estate signs (along with political, ideological, and Plaintiffs' religious signs) are temporary, not permanent, signs, so this section of the Code does not even apply to them.

21.   In addition, this section does not prohibit permanent signs in the right of way; it just requires a license to place a sign there.

22.   Discoverable facts exist regarding the above areas of discovery, and as indicated above, all of Plaintiffs' desired discovery, and the facts that will result from it, will be essential to Plaintiffs' ability to fully prove their claims, to respond to Defendants' defenses, and to draft and file their own summary judgment motion.

23.   Plaintiffs had intended to pursue discovery in accordance with the dates set forth in the Court's forthcoming case management plan.

24.    However, Defendants' motion for summary judgment, filed before the parties could even meet and confer pursuant to the Court's October 1, 2008, Order, has forced Plaintiffs to now seek relief from Defendants' motion pursuant to Rule 56(f).

25.    In addition, I attempted to avoid the need for a Rule 56(f) motion by contacting Defendants' counsel and asking her to stipulate to Plaintiffs' response to Defendants' summary judgment motion being due after the completion of a reasonable, agreed upon period of discovery.

26.    Defendants' counsel declined to agree to the request.

1

**DECLARATION**

2          I, Jeremy D. Tedesco, verify under penalty of perjury, pursuant to 28 U.S.C. § 1746,

3  that the foregoing is true and correct.

4          Executed this 24th day of November, 2008, in Scottsdale, Arizona.

5                                                    s/Jeremy D. Tedesco
                                                     Jeremy D. Tedesco
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore,<br><br>      Plaintiff,<br><br>vs.<br><br>United Recovery Systems, L.P.,<br><br>      Defendant. | No. CV 05-2094-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff's motion for summary judgment, which was filed 2 days after Defendant answered.  The Court has not yet held a scheduling conference.  In response to the motion for summary judgment, Defendant has moved for an extension of time, pursuant to Rule 56(f), to allow discovery to be completed before the Court considers Plaintiff's dispositive motion.

Generally the Court will not grant a motion for summary judgment before discovery can be completed.  *See generally* FED.R.CIV.P. 56(f); *Thi-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980).  In particular, if a summary judgment motion is filed so early in the case that a party has not had any realistic opportunity to pursue discovery, any Rule 56(f) motion should be granted "fairly freely."  *Burlington Northern Santa Fe R&R, Co. v. The Assiniboine and Sioux Tribes*, 323 F.3d 767, 773-74 (9th Cir. 2003) (noting that the Supreme Court has interpreted Rule 56(f) as requiring the district court to allow discovery, rather than permitting the district court to allow discovery).

1    In this case, discovery has not yet begun.  Therefore, relief pursuant to Rule 56(f) is

2    appropriate.  Accordingly,

3    **IT IS ORDERED** that Defendant's Motion for Continuance pursuant to Rule 56(f)

4    is granted as follows: Plaintiff's Motion for Summary Judgment (Doc. #6) is denied without

5    prejudice to re-file after the close of discovery (but within the dispositive motion deadline

6    to be set at the Rule 16 scheduling conference on October 24, 2005).

7    DATED this 7th day of October, 2005.

8

9    _____

10   James A. Teilborg
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   American Family Mutual Insurance)    No. CV 04-1847-PHX-JAT
    Company; American Standard Insurance)
10  Company of Wisconsin,            )    **ORDER**
                                     )
11             Plaintiffs,           )
                                     )
12  vs.                              )
                                     )
13                                   )
    Crystal Herndon; Robert Herndon; Cythia)
14  Herndon; Neela B. Desai,         )
                                     )
15             Defendants.           )
                                     )
16  _____)

17        Pending before this Court is Plaintiffs' motion for summary judgment. Defendant has

18  responded to the motion for summary judgment, and alternatively sought relief pursuant to

19  Rule 56(f) if the Court is inclined to grant Plaintiffs' motion.

20        The Court will not consider the summary judgment motion twice, as Defendant would

21  have it. The Court seeks to have a single round of fully completed briefing on a dispositive

22  motion, as evidenced by the Rule 16 scheduling order which permits each party only one

23  motion for summary judgment. In this case, Defendant asserts that if the Court intends to

24  grant Plaintiffs' motion, the Court should allow discovery to be completed and supplements

25  to be filed before issuing, in essence, a second ruling on the motion. The Court will not

26  proceed under such an inefficient system.

27        Plaintiffs argue that Rule 56(f) relief is unnecessary in this case and that the Court can

28  decide the motion without any further evidence. In this circuit, Rule 56(f) is construed very

1  liberally.  Specifically, if a party objects, generally the Court will not grant a motion for

2  summary judgment before discovery can be completed.  *See generally* FED.R.CIV.P. 56(f);

3  *Thi-Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980).

4         In this case, the deadline for completing discovery is December 2, 2005.  The Court

5  will allow discovery to be completed before it undertakes to rule on the motion for summary

6  judgment.  Additionally, because the Court only wants a single set of briefing on the motion,

7  the Court will deny the currently pending motion, without prejudice.  After the close of

8  discovery, Plaintiffs may re-file the motion (including any additional evidence they deem

9  appropriate), and Defendant shall file a single response.  Supplements will not be permitted.

10 Accordingly,

11        **IT IS ORDERED** that Defendant's request for relief pursuant to Rule 56(f) is granted

12 as follows: Plaintiffs' motion for summary judgment (Doc. #18) is denied without prejudice

13 to re-file after the close of discovery.

14        Dated this 7th day of October, 2005.

15

16

17                                    _____

18                                    James A. Teilborg
                                      United States District Judge

19

20

21

22

23

24

25

26

27

28